■ The People of the State of New York, Respondent, v. Suzy Zaleski, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 15, 1971, convicting her of two counts of criminal possession of a dangerous drug in the sixth degree, upon a guilty plea, and imposing concurrent sentences. Judgment modified, in the exercise of discretion, by changing the sentences to a three-year period of probation, upon the condition that defendant attend a drug rehabilitation or psychiatric program and also upon the conditions specified in subdivision 3 of section 65.10 of the Penal Law. As so modified, judgment affirmed. It is argued

on this appeal that CPL 400.10 should be construed so as to afford a defendant the right to know of any unfavorable aspect of a presentencing report and, if necessary, the right to a hearing to controvert any unfavorable aspect of the report. In our opinion the language in CPL 400.10 clearly indicates the Legislature's intent to continue to leave the decision on disclosure of a presentencing report to the sound discretion of the sentencing court. We cannot say that such discretion was abused in the instant case. Our modification of the sentences by the imposition of a probationary period in place of the six-month jail sentences results from our belief that an institutional confinement of defendant is not necessary for the protection of the public. Defendant's need of guidance and other assistance can in this case be most effectively met through a rehabilitation or psychiatric program and probation supervision, as above mentioned. Defendant is a young girl from a broken home who has found it difficult to cope with the problems of life. She is in need of psychiatric care and a healthy social environment. Having reviewed the presentencing report and other information which has come to our attention, we feel that incarceration in a penal institution would be pointless. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.